UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVEL 12 PRODUCTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BREAKING MEDIA, INC., <br><br> Defendant. | Case No: <br><br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Level 12 Productions, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Breaking Media, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Brendan Gutenschwager ("*Gutenschwager*") created a video of individuals unsuccessfully trying to enter the Michigan state capitol, being blocked by police, on electoral college vote day (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a media company which owns and operates a website at domain www.abovethelaw.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively displayed the Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Level 12 Productions, LLC is a New York limited liability company and maintains

1

its principal place of business in Wayne County, Michigan.

6. Upon information and belief, defendant Breaking Media, Inc., is a Delaware corporation with a principal place of business at 611 Broadway, Suite 907D, New York City in Manhattan County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

A.   **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. On July 18, 2023, Gutenschwager first published the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

15. The Video was first published on Gutenschwager's twitter account

@bgonthescene.

16.     In creating the Video, Gutenschwager personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording.

17.     On August 3, 2023, the Video was registered by the USCO under Registration No. PA 2-429-615.

18.     On January 1, 2023 Gutenschwager transferred all licenses and rights of the Video to Plaintiff by way of a written transfer agreement.

19.     Gutenschwager created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

20.     Plaintiff acquired the rights in and to the Video by way of written assignment.

**B.      Defendant's Infringing Activity**

21.     Upon information and belief, Defendant is the registered owner of the Website and is responsible for its content.

22.     Upon information and belief, Defendant is the operator of the Website and is responsible for its content.

23.     The Website is a key component of Defendant's popular and lucrative commercial enterprise.

24.     The Website is monetized in that it contains paid advertisements and promotes the business and, upon information and belief, Defendant profits from these activities.

25.     On or about July 19, 2023, Defendant displayed the Video on the Website as part of an on-line story at URL: https://abovethelaw.com/2023/07/michigan-ag-suggests-orange-jumpsuits-for-states-cosplay-electors/. A copy of a screengrab of the Website including the Video is attached hereto as Exhibit 2.

26.     Without permission or authorization from Plaintiff, Defendant volitionally displayed Plaintiff's copyright protected Video on the Website.

27.     Upon information and belief, the Video was displayed by Defendant without

3

license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter the unauthorized use set forth above is referred to as the "*Infringement*").

28. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

29. The Infringement is an exact copy of Plaintiff's original video recording that was directly displayed by Defendant on the Website.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on, and/or displaying video recordings including but not limited to Plaintiff's Video.

31. On information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Liz Dye who is recognized on the Website as an author at URL https://abovethelaw.com/author/edye (the "*Employees*").

32. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

33. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

34. Upon information and belief, the Video was willfully and volitionally posted to the Website by Defendant.

35. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

36. Upon information and belief, Defendant engaged in the Infringement knowingly

and in violation of applicable United States copyright laws.

37. On information and belief, the Photograph is readily identifiable as copyright protected as it contains a copyright watermark on the image, thereby making Defendant's infringement willful as a matter of law.

38. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

39. Upon information and belief, Defendant monitors the content on its Website.

40. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

41. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

42. Upon information and belief, a large number of people have viewed the unlawful display of the Video on the Website.

43. Upon information and belief, Defendant at all times had the ability to stop the display of Plaintiff's copyrighted material.

44. Defendant's use of the Video harmed the actual market for the Video.

45. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

46. On October 27, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

47. Thereafter, on March 1, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints in attempt to avoid litigation.

48. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

49. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

50. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

51. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

52. The Video is an original, creative work in which Plaintiff owns a valid copyright.

53. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

54. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

55. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

56. Defendant's display of the Video constitutes willful copyright infringement.

57. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Website.

58. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement

pursuant to 17 U.S.C. § 504(c).

59.As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

60.As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

61.Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

  a.finding that Defendant infringed Plaintiff's copyright interest in and to the Video by displaying it without a license or consent;

  b.for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

  c.for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

  d.for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

  e.for pre-judgment interest as permitted by law; and

  f.for any other relief the Court deems just and proper.

DATED: December 27, 2024

                                        **SANDERS LAW GROUP**

                                        By:   */s/ Craig Sanders*
                                        Craig Sanders, Esq.
                                        333 Earle Ovington Blvd, Suite 402
                                        Uniondale, NY 11553
                                        Tel: (516) 203-7600
                                        Email: csanders@sanderslaw.group
                                        File No.: 128926

                                        *Attorneys for Plaintiff*